[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 44, whose maiden name is Rubin, and the CT Page 9874 defendant husband, 51, intermarried on December 8, 1988 at Rye, New York. The plaintiff has lived in Connecticut throughout the marriage to the present day providing the court with jurisdiction. No child was born to the plaintiff during the marriage. They both agree the marriage has irretrievably broken down and the court so finds it true. A decree may enter on the complaint dissolving the marriage on the ground alleged.
This was a second marriage for each party. The plaintiff has one son and the defendant has twin daughters from their respective first marriages. The defendant is paying child support of $1,300 monthly until age 21 or college is completed. The defendant is obliged to carry medical insurance for his two children, $100,000 life insurance on defendant's life for each daughter and to pay 2/3 of any uninsured bill balances for medical care for either daughter. He does not pay periodic alimony to his ex-wife. However, he is bound to contribute to the college costs of his two children.
The plaintiff was not employed at the time of the marriage. The plaintiff has a B.A. degree from Boston University. The plaintiff was receiving $1,200 as unallocated alimony and child support monthly until this marriage which terminated the alimony. A $1,250 monthly order for child support was then entered. The plaintiff chose not to work during 1989 and 1990.
The defendant is a dentist with a practice in New York City which he purchased in 1975. The defendant has always commuted, mostly by auto. He works 35 to 40 hours weekly over 5 days, except in July and August when he is closed on Wednesdays. He is in reasonably good health and can carry his practice.
The plaintiff was served with divorce papers after two years of marriage, and subsequent to plaintiff's request for marriage counseling. The defendant agreed to counseling under the threat that the action would otherwise continue. The parties met with a counselor for over a year. In order to buy a new car, the parties stopped the sessions.
One source of friction was a lack of budget and defendant's claim that the plaintiff had shopping binges which increased the credit card balances. A budget was created, and the defendant claims the therapist recommended that the plaintiff seek employment. CT Page 9875
After several threats to commence a divorce the defendant was served on September 21, 1993. During the prior six months the parties' relationship deteriorated beyond repair, partially over the schooling needs of the plaintiff's son who was taken from the Greenwich school system and put in Rye Brook school. A learning disability was uncovered. Plaintiff was advised that the following year's cost was to be increased for her son and she consequently proposed moving to Rye Brook. The defendant felt the proposed apartment was much smaller and the rental prohibitive so he resisted the proposal. This suit followed shortly.
Effective December 1, 1993, the defendant has been paying temporary alimony of $2,500 monthly and he is current presently. The plaintiff is working part-time in retail. Her financial affidavit lists $562 monthly gross income.
The defendant moved from the plaintiff's apartment in October, 1993, returning to his ex-wife's residence as a platonic boarder.
The court notes that the plaintiff renewed the lease on her 3 bedroom apartment as of this September at an advance from $1,520 to $1,725 monthly rent.
At the time of this marriage the plaintiff was aware of the defendant's child support obligations. They have not changed and college expenses loom on the horizon less than one year hence, for his daughters are now 17 1/2 years old.
Having reviewed the evidence in light of the statutory criteria, and after evaluating the credibility of the parties, the court finds as follows:
1. A decree is entered dissolving the marriage on the ground of irretrievable breakdown.
2. The plaintiff is awarded periodic alimony of $2,000 monthly payable by the defendant for two years, to sooner terminate upon the plaintiff's remarriage, or the death of either party.[1] The first such payment is payable October 1, 1994. The term is non modifiable.
3. Sole ownership of the Mitsubishi automobile is assigned to the plaintiff and the defendant is ordered to execute and deliver such documents as may be necessary to complete the transfer. CT Page 9876
4. The plaintiff is awarded $25,500.00 from defendant's I.R.A. representing 50% of the deferred compensation set aside by the defendant during the marriage. The court will sign a QDRO to effect this non-taxable transfer.
5. The plaintiff is awarded an allowance to prosecute of $6,000.00 payable on the 46th day after the date this judgment is entered.
6. The defendant shall cooperate with the plaintiff in processing any extension of medical coverage that the plaintiff may be entitled to pursuant to COBRA.
7. The defendant shall be solely responsible for any tax liability, past or future, arising from the joint tax returns of the parties.
8. The contents of the plaintiff's apartment and the lease security deposit shall remain the plaintiff's sole property except the following items which the defendant shall remove within 45 days of entry of judgment:
a. Ricci flatware;
b. Rosehthal bar glasses;
c. Pewter bowl;
d. Crystal Candlesticks;
e. Record collection;
f. Boxes filled with defendant's papers, etc.;
g. Bar bells;
h. Ski gloves;
i. Pastel portrait by Chinese artist;
j. 13" JVC white television;
k. 20" Mitsubishi television; CT Page 9877
l. Sharp VHS video recorder;
m. Ricoh point and shoot 35mm camera;
n. Electric hair trimmer.
After 45 days, any items not removed by the defendant shall be deemed abandoned by him and plaintiff may dispose of same as she wishes.
9. The Fahnstock brokerage account standing in both names is assigned to the plaintiff as her sole property.
10. The plaintiff shall be solely responsible for her debts.
11. The defendant shall be solely responsible for his debts.
12. The parties shall otherwise retain such remaining assets as are now in their respective names. The gold Panda coins remain the defendant's property.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.